IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 


 NO. 74,771 




EX PARTE ANDIE M. HIGGINS, Applicant






 


ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 FROM ROCKWALL COUNTY 


 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of aggravated sexual assault and punishment was
assessed at life imprisonment. No appeal was taken from this conviction.

 Applicant contends that he was denied his right to a meaningful appeal when his
counsel failed to advise him that he could get appointed counsel and a free record for appeal. 
A hearing was conducted at which counsel admitted that he failed to advise Applicant of these
facts because Applicant indicated he wanted different counsel on appeal, and counsel did tell
Applicant that there was a thirty day limit on filing notice of appeal. The trial court entered
findings of fact and conclusions of law in which it found Applicant is indigent and wants to
appeal, and that counsel did not advise Applicant of his right to have appointed counsel and
a free record for appeal, and recommended that an out-of-time appeal be granted.

 Relief is granted. Applicant is entitled to an out-of-time appeal in cause number 2-01-315 in the 382nd Judicial District Court of Rockwall County. Applicant is ordered returned to
that point in time at which he may give written notice of appeal so that he may then, with the
aid of counsel, obtain a meaningful appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the sentence had been imposed on the date
that the mandate of this Court issues. We hold that should Applicant desire to prosecute an
appeal, he must take affirmative steps to see that written notice of appeal is given within thirty
days after the mandate of this Court has issued.

DELIVERED: October 8, 2003

DO NOT PUBLISH